**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QUANTEFI CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>*Defendant*. | Case No. 2:26-cv-00377-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| QUANTEFI CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, COMCAST CORP., COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, AND COMCAST OF HOUSTON, LLC,<br><br>*Defendants*. | Case No. 2:26-cv-00376-JRG-RSP<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS CLAIMS OF PRE-SUIT INDIRECT INFRINGEMENT AND WILLFULNESS**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. STATEMENT OF THE ISSUES TO BE DECIDED .......... 1

III. STATEMENT OF FACTS .......... 2

IV. LEGAL STANDARD .......... 2

V. ARGUMENT .......... 3

A. QUANTEFI DOES NOT PLAUSIBLY PLEAD PRE-SUIT INDIRECT INFRINGEMENT .......... 3

B. QUANTEFI DOES NOT PLAUSIBLY PLEAD PRE-SUIT WILLFUL INFRINGEMENT .......... 5

VI. CONCLUSION .......... 6

## TABLE OF AUTHORITIES

**Cases**

*Adv. Memory Techs., LLC v. SK Hynix Inc.*,
No. 2:24-cv-01078-JRG-RSP, 2026 WL 873230 (E.D. Tex. Mar. 20, 2026) ................ 6

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
No. 2:21-cv-0172, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) .................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................... 2

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
28 F.4th 1247 (Fed. Cir. 2022) .......................................................................... 5

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)............................................................................ 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................... 2

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ............................................................................ 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)...................................................................................... 3, 4

*Dialect, LLC v. Bank of Am., N.A.*,
No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) ............... 3, 4, 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)...................................................................................... 3, 4

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
14 F.4th 1323 (Fed. Cir. 2021) .......................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................... 2

## I. INTRODUCTION

QuanteFi Corp.'s ("QuanteFi") First Amended Complaint asserts claims of indirect patent infringement and willful infringement against Hewlett Packard Enterprise Company ("HPE") without alleging the foundational facts necessary to sustain those claims. These allegations should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

As to indirect infringement, QuanteFi fails to plead that HPE had pre-suit knowledge of either the Asserted Patents or any allegedly infringing conduct—an indispensable element for both induced and contributory infringement. QuanteFi concedes that it never sent HPE any pre-suit notice of the Asserted Patents or any allegation of infringement. Instead, it rests its knowledge theory entirely on the implausible assertion that HPE must have been aware of these patents through unspecified "historical monitoring of industry standards"—an allegation that falls far short of the specificity *Iqbal* demands.

As to willful infringement, QuanteFi's allegations fare no better. The First Amended Complaint contains no factual allegations establishing that HPE possessed knowledge of the Asserted Patents before this suit, let alone that HPE harbored a specific intent to infringe. Bare conclusions that a defendant "knew or was willfully blind" are precisely the type of formulaic recitations that this Court has held insufficient.

Because QuanteFi's claims of pre-suit indirect infringement and willful infringement rest on legal conclusions rather than well-pled facts, they cannot survive a motion to dismiss.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

(1) Whether QuanteFi's First Amended Complaint sets forth sufficient allegations to plausibly state a claim for pre-suit indirect infringement.

(2) Whether QuanteFi's First Amended Complaint sets forth sufficient allegations to

plausibly state a claim for pre-suit willful infringement.

## III. STATEMENT OF FACTS

On July 2, 2026, QuanteFi filed its First Amended Complaint against HPE, alleging infringement of four patents: 9,331,883 (the "'883 Patent"); 10,368,360 (the "'360 Patent"); 11,258,500 (the "'500 Patent"); and 8,811,245 (the "'245 Patent") (collectively, the "Asserted Patents"). Dkt. 18. Among its claims, QuanteFi alleges that HPE infringed the Asserted Patents directly and indirectly. *See, e.g.*, Dkt. 18, ¶ 30. QuanteFi also alleges that HPE's infringement was willful. *See, e.g.*, Dkt. 18, ¶ 32.

Notably, QuanteFi does not allege that HPE had actual notice of the Asserted Patents or its alleged infringement prior to the filing of the First Amended Complaint. QuanteFi did not send a letter to HPE identifying the Asserted Patents or any particular HPE product that allegedly infringed those patents. Instead, the sole basis for QuanteFi's allegation that HPE has had knowledge of the Asserted Patents and its alleged infringement prior to the filing of the First Amended Complaint is "because of its historical monitoring of industry standards and through at least the filing and service of" the complaints in this action. *See, e.g.*, Dkt. 18, ¶¶ 30, 49, 64, 81. QuanteFi also makes a blanket assertion in the alternative that HPE was willfully blind. *Id.*

## IV. LEGAL STANDARD

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. It is not enough to merely plead only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them in the light most favorable to the non-moving party. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

## V. ARGUMENT

### A. QuanteFi Does Not Plausibly Plead Pre-Suit Indirect Infringement

To allege indirect infringement, a plaintiff must plead specific facts sufficient to show that the accused infringer had knowledge of the patents-in-suit *and* knowledge that the acts at issue constituted patent infringement. *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at *2 (E.D. Tex. Dec. 4, 2024); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement [under § 271(c)] requires knowledge of the patent in suit and knowledge of patent infringement."). Here, QuanteFi failed to plead any facts that, even accepted as true, would suggest that HPE had pre-suit knowledge of (i) the Asserted Patents or (ii) any product that allegedly infringed those patents.

*First*, QuanteFi alleges that HPE had knowledge of the Asserted Patents due to HPE's alleged "historical monitoring of industry standards". *See e.g.*, Dkt. 18, ¶¶ 30, 49, 64, 81. To be clear, QuanteFi does not allege that HPE was sent any pre-suit notice alleging any product infringed any claim of the Asserted Patents, nor that QuanteFi had informed any industry standard of the Asserted Patents. Instead, QuanteFi attempts to equate industry standards to the Asserted Patents. Mere participation in a standard or monitoring of a standards body does not plausibly show knowledge of any particular patent that may be required to practice that standard. There are

likely hundreds, if not thousands of patents, that may be relevant to a particular standard, and monitoring of that standard or the body developing the standard does not create a duty to identify those patents. Thus, knowledge of an industry standard alone is insufficient. *Dialect*, 2024 WL 4980794, at *2–3 (finding allegations of defendant's knowledge of a related patent application and a meeting with a prior owner of the asserted patents to discuss its portfolio was not even sufficient to plausibly allege pre-suit knowledge).

*Second*, QuanteFi's allegation of willful blindness is facially deficient. A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769. QuanteFi's First Amended Complaint does not plead any facts to suggest that either prong was met. For example, there is no allegation that HPE was warned of the patents or that HPE was aware that QuanteFi may have patents relevant to the 802.11 standard. Nor is there any allegation that HPE took deliberate action to avoid awareness of QuanteFi's patents. The absence of such allegations is dispositive. *Dialect*, 2024 WL 4980794, at *3 (finding willful blindness not sufficiently pled where there was no allegation of defendants' subjective belief of the existence of the patents or deliberate action to avoid learning of them). Thus, QuanteFi has failed to plausibly plead willful blindness.

*Third*, even if HPE knew of the Asserted Patents, QuanteFi must also plead sufficient facts to show that HPE had knowledge of infringement. *Id.*, at *2 (citing *Commil*, 575 U.S. at 639-640) (explaining that liability for induced and contributory infringement can only attach if the defendant had knowledge of the alleged infringement); *Global-Tech*, 563 U.S. at 766. QuanteFi, however, never alleges HPE had pre-suit knowledge that any of their products infringed the Asserted Patents. Again, there is no allegation that HPE was provided notice of infringement or that any document

within a standards organization would have indicated the potential for infringement. Thus, the First Amended Complaint failed to plausibly allege the requisite knowledge of infringement.

### B. QuanteFi Does Not Plausibly Plead Pre-Suit Willful Infringement

The Court should dismiss QuanteFi's allegations of willful infringement because the First Amended Complaint fails to plausibly plead that HPE had knowledge of the Asserted Patents or infringement, or that HPE had specific intent to infringe.

As the Federal Circuit has held, "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). To sufficiently plead willful infringement, a plaintiff must also plausibly allege "deliberate or intentional infringement." *Id*. In other words, "a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022).

As described above, QuanteFi failed to plead facts sufficient to show the requisite knowledge of the Asserted Patents or HPE's alleged infringement, and thus its claim of pre-suit willfulness should be dismissed. *Dialect*, 2024 WL 4980794, at *3–4 (dismissing a claim for pre-suit willful infringement because the complaint failed to allege the requisite pre-suit knowledge); *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-0172, 2022 WL 610796, at *7 (E.D. Tex. Jan. 24, 2022) (dismissing a claim for willful infringement when "[f]aced with a total absence of facts in the Complaint to suggest that [defendant] had pre-suit knowledge" of the asserted patents). Even if pre-suit knowledge was sufficiently alleged, QuanteFi alleges no facts relevant to specific intent to infringe, instead making only conclusory allegations. QuanteFi alleges that HPE "[has] known, or [has] been willfully blind to the fact, that making, using, offering to

sell, and selling the Accused Instrumentalities to their customers, would constitute willful infringement." Dkt. 18, ¶¶ 32, 51, 66, 83. These conclusory allegations are insufficient to show any specific intent. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329–30 (Fed. Cir. 2021) (reinforcing that willfulness requires egregious conduct); *Adv. Memory Techs., LLC v. SK Hynix Inc.*, No. 2:24-cv-01078-JRG-RSP, 2026 WL 873230, at *1 (E.D. Tex. Mar. 20, 2026) (dismissing a pre-suit willful infringement claim and noting that willful infringement requires egregious conduct). Thus, the Court should dismiss QuanteFi's claims of willful infringement.

## VI. CONCLUSION

For the foregoing reasons, HPE respectfully requests that the Court dismiss with prejudice QuanteFi's pre-suit indirect infringement claims and QuanteFi's willful infringement claims.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone: (903) 255-1000
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

John Haynes
David Frist
Steve McNiff
Sloane Kyrazis
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (704) 444-1001
john.haynes@alston.com
david.frist@alston.com
steve.mcniff@alston.com
sloane.kyrazis@alston.com

*Attorneys for Defendant*
*Hewlett Packard Enterprise Company.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on July 31, 2026.

*/s/ Jennifer H. Doan*
Jennifer H. Doan