**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QUANTEFI CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>*Defendant.* | Case No. 2:26-cv-00377-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| QUANTEFI CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, COMCAST CORP., COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, AND COMCAST OF HOUSTON, LLC,<br><br>*Defendants.* | Case No. 2:26-cv-00376-JRG-RSP<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S**
**ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant Hewlett Packard Enterprise Company ("HPE") submits its Answer, and its defenses, affirmative defenses, and counterclaims to Plaintiff QuanteFi Corp's ("QuanteFi" or "Plaintiff") First Amended Complaint (Dkt. No. 18) (the "Complaint"). HPE was formed on November 1, 2015. To the extent that the allegations in the Complaint extend before HPE's formation, HPE is without sufficient knowledge or information to form a belief as to the truth of

those allegations and, therefore, denies the same. Except as otherwise admitted in this Answer, HPE denies each and every allegation in the Complaint.

**ANSWER**

1. HPE denies Plaintiff's allegations in Paragraph 1 of the Complaint that HPE infringes any valid and enforceable claim of any of U.S. Patent Nos. 9,331,883 (the "'883 Patent"), 10,368,360 (the "'360 Patent"), 11,258,500 (the "'500 Patent"), or 8,811,245 (the "'245 Patent") (collectively, the "Asserted Patents").

2. HPE acknowledges that Plaintiff purports that its allegation are based on standards-driven implementations of IEEE 802.11 wireless technologies. HPE denies that it has infringed any claim of the Asserted Patents in this District or elsewhere and, except as expressly admitted, denies any remaining allegations in Paragraph 2 of the Complaint.

3. With respect to Paragraph 3 of the Complaint, HPE is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this Paragraph and, therefore, denies the same.

4. With respect to Paragraph 4 of the Complaint, HPE admits that the '883 Patent, on its face, bears the title "Wireless Home Network Supporting Concurrent Links to Legacy Devices," and an issue date of May 3, 2016. HPE is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph of the Complaint and, therefore, denies the same.

5. With respect to Paragraph 5 of the Complaint, HPE admits that the '360 Patent, on its face, bears the title "Network event based security and home automation," and an issue date of July 30, 2019. HPE is without sufficient knowledge or information to form a belief as to the truth

of the remaining allegations set forth in this Paragraph of the Complaint and, therefore, denies the same.

6. With respect to Paragraph 6 of the Complaint, HPE admits that the ’500 Patent, on its face, bears the title “Hybrid Sector Selection and Beamforming,” and an issue date of February 22, 2022. HPE is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph of the Complaint and, therefore, denies the same.

7. With respect to Paragraph 7 of the Complaint, HPE admits that the ’245 Patent, on its face, bears the title “Wireless network and access point for a wireless network,” and an issue date of August 19, 2014. HPE is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this Paragraph of the Complaint and, therefore, denies the same.

8. With respect to Paragraph 8 of the Complaint, HPE admits that it is a corporation organized under the laws of Delaware with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389. HPE admits that its registered agent for service of process in Texas is CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. HPE admits that it is registered to do business in the state of Texas under Texas SOS file number 802175187. Except as expressly admitted, HPE denies the remaining allegations of this Paragraph.

9. With respect to Paragraph 9 of the Complaint, HPE admits that Plaintiff alleges that the “Accused Instrumentalities” include Wi-Fi 6 and Wi-Fi 7 products, but the Complaint fails to identify any allegedly infringing products with any specificity. HPE denies it has committed any acts of infringement in this District or elsewhere. Except as expressly admitted, HPE denies the remaining allegations of this Paragraph.

10. With respect to Paragraph 10 of the Complaint, HPE acknowledges that the Complaint purports to set forth an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 1 et seq., but HPE denies that there are any factual or legal bases for Plaintiff's claims. Except as expressly admitted, HPE denies it has committed any acts of infringement in this District or elsewhere.

11. With respect to Paragraph 11 of the Complaint, HPE admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. With respect to Paragraph 12 of the Complaint, HPE does not contest that it is subject to venue in this District for purposes of this litigation only. HPE expressly reserves the right to request to seek transfer of venue under 28 U.S.C. 1404(a) in this case and/or to contest venue in any other case as to any party.

13. With respect to Paragraph 13 of the Complaint, HPE does not contest that this Court has personal jurisdiction over it for the purposes of this particular action only, but HPE does not waive the right to contest personal jurisdiction in any other cause of action in this District.

14. With respect to Paragraph 14 of the Complaint, HPE does not contest that this Court has personal jurisdiction over it for the purposes of this particular action only, but HPE does not waive the right to contest personal jurisdiction in any other cause of action in this District. HPE denies that it has committed actions of infringement in this District or elsewhere. Except as expressly admitted, HPE denies the remaining allegations of this Paragraph.

15. With respect to Paragraph 15 of the Complaint, HPE denies the allegations in Paragraph 15.

16. With respect to Paragraph 16 of the Complaint, HPE admits that is has facilities located at 3001 Dallas Parkway, Frisco, Texas 75034. HPE denies that it has committed actions of

infringement in this District or elsewhere. Except as expressly admitted, HPE denies the remaining allegations of this Paragraph.

17. With respect to Paragraph 17 of the Complaint, HPE incorporates Paragraphs 1 through 16 of this Answer as if set forth here in full.

18. With respect to Paragraph 18 of the Complaint, HPE admits that the ’883 Patent, on its face, bears the title “Wireless Home Network Supporting Concurrent Links to Legacy Devices,” and an issue date of May 3, 2016.

19. HPE is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same.

20. HPE denies the allegations in Paragraph 20 of the Complaint.

21. HPE denies the allegations in Paragraph 21 of the Complaint.

22. HPE denies the allegations in Paragraph 22 of the Complaint.

23. HPE denies the allegations in Paragraph 23 of the Complaint.

24. HPE denies the allegations in Paragraph 24 of the Complaint.

25. HPE denies the allegations in Paragraph 25 of the Complaint.

26. HPE denies the allegations in Paragraph 26 of the Complaint.

27. HPE denies the allegations in Paragraph 27 of the Complaint.

28. HPE denies the allegations in Paragraph 28 of the Complaint.

29. HPE denies the allegations in Paragraph 29 of the Complaint.

30. HPE denies the allegations in Paragraph 30 of the Complaint.

31. HPE denies the allegations in Paragraph 31 of the Complaint.

32. HPE denies the allegations in Paragraph 32 of the Complaint.

33. HPE denies the allegations in Paragraph 33 of the Complaint.

34. HPE denies the allegations in Paragraph 34 of the Complaint.

35. With respect to Paragraph 35 of the Complaint, HPE incorporates Paragraphs 1 through 34 of this Answer as if set forth here in full.

36. With respect to Paragraph 36 of the Complaint, HPE admits that the ’360 Patent, on its face, bears the title “Network event based security and home automation,” and an issue date of July 30, 2019.

37. HPE is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, denies the same.

38. HPE denies the allegations in Paragraph 38 of the Complaint.

39. HPE denies the allegations in Paragraph 39 of the Complaint.

40. HPE denies the allegations in Paragraph 40 of the Complaint.

41. HPE denies the allegations in Paragraph 41 of the Complaint.

42. HPE denies the allegations in Paragraph 42 of the Complaint.

43. HPE denies the allegations in Paragraph 43 of the Complaint.

44. HPE denies the allegations in Paragraph 44 of the Complaint.

45. HPE denies the allegations in Paragraph 45 of the Complaint.

46. HPE denies the allegations in Paragraph 46 of the Complaint.

47. HPE denies the allegations in Paragraph 47 of the Complaint.

48. HPE denies the allegations in Paragraph 48 of the Complaint.

49. HPE denies the allegations in Paragraph 49 of the Complaint.

50. HPE denies the allegations in Paragraph 50 of the Complaint.

51. HPE denies the allegations in Paragraph 51 of the Complaint.

52. HPE denies the allegations in Paragraph 52 of the Complaint.

53. HPE denies the allegations in Paragraph 53 of the Complaint.

54. With respect to Paragraph 54 of the Complaint, HPE incorporates Paragraphs 1 through 53 of this Answer as if set forth here in full.

55. With respect to Paragraph 55 of the Complaint, HPE admits that the '500 Patent, on its face, bears the title "Hybrid Sector Selection and Beamforming," and an issue date of February 22, 2022.

56. HPE is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and, therefore, denies the same.

57. HPE denies the allegations in Paragraph 57 of the Complaint.

58. HPE denies the allegations in Paragraph 58 of the Complaint.

59. HPE denies the allegations in Paragraph 59 of the Complaint.

60. HPE denies the allegations in Paragraph 60 of the Complaint.

61. HPE denies the allegations in Paragraph 61 of the Complaint.

62. HPE denies the allegations in Paragraph 62 of the Complaint.

63. HPE denies the allegations in Paragraph 63 of the Complaint.

64. HPE denies the allegations in Paragraph 64 of the Complaint.

65. HPE denies the allegations in Paragraph 65 of the Complaint.

66. HPE denies the allegations in Paragraph 66 of the Complaint.

67. HPE denies the allegations in Paragraph 67 of the Complaint.

68. HPE denies the allegations in Paragraph 68 of the Complaint.

69. With respect to Paragraph 69 of the Complaint, HPE incorporates Paragraphs 1 through 68 of this Answer as if set forth here in full.

70. With respect to Paragraph 70 of the Complaint, HPE admits that the ’245 Patent, on its face, bears the title “Wireless network and access point for a wireless network,” and an issue date of August 19, 2014.

71. With respect to Paragraph 71 of the Complaint, HPE is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and, therefore, denies the same.

72. HPE denies the allegations in Paragraph 72 of the Complaint.

73. HPE denies the allegations in Paragraph 73 of the Complaint.

74. HPE denies the allegations in Paragraph 74 of the Complaint.

75. HPE denies the allegations in Paragraph 75 of the Complaint.

76. HPE denies the allegations in Paragraph 76 of the Complaint.

77. HPE denies the allegations in Paragraph 77 of the Complaint.

78. HPE denies the allegations in Paragraph 78 of the Complaint.

79. HPE denies the allegations in Paragraph 79 of the Complaint.

80. HPE denies the allegations in Paragraph 80 of the Complaint.

81. HPE denies the allegations in Paragraph 81 of the Complaint.

82. HPE denies the allegations in Paragraph 82 of the Complaint.

83. HPE denies the allegations in Paragraph 83 of the Complaint.

84. HPE denies the allegations in Paragraph 84 of the Complaint.

85. HPE denies the allegations in Paragraph 85 of the Complaint.

86. No response is required to Plaintiff’s demand for a trial by jury. HPE also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

87. HPE denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Upon information and belief, and subject to its responses above, HPE alleges and asserts the following defenses and affirmative defenses in response to the allegations of the Amended Complaint, without admitting or acknowledging that HPE bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, HPE undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. HPE expressly reserves the right to amend or raise additional defenses or affirmative defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-infringement)

HPE does not infringe, and has not infringed, any claim of the Asserted Patents literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### THIRD DEFENSE
### (Invalidity)

The claims of the Asserted Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States code, and/or Title 37, code of Federal Regulations, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE
### (Limitation on Equivalents)

To the extent that Plaintiff asserts infringement of any Asserted Patents under the doctrine

of equivalents, such doctrine is barred by prosecution history estoppel, the Festo bar, ensnarement, and/or claim vitiation.

**FIFTH DEFENSE**
**(Prosecution History Estoppel)**

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the Asserted Patents.

**SIXTH DEFENSE**
**(Lack of Standing/Ownership)**

Because Plaintiff was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

**SEVENTH DEFENSE**
**(Statutory Limit on Damages)**

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 252, 286, 287, 288, and/or 307. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages before the filing of its Complaint. Plaintiff is further barred by 35 U.S.C. § 288 from recovering costs associated with its action. To the extent certain products accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or the public good, Plaintiff's claims involving HPE may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**EIGHTH DEFENSE**
**(Contractual Limitation on Remedies – FRAND Limitation)**

Plaintiff's claims for relief are barred or limited, in whole or in part, by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms.

**NINTH DEFENSE**
**(No Willful Infringement)**

Plaintiff is not entitled to enhanced or increased damages for willful infringement because HPE has not engaged in any conduct that meets the applicable standard for willful infringement.

**TENTH DEFENSE**
**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying award of attorney's fees against HPE pursuant to 35 U.S.C. § 285.

**ELEVENTH DEFENSE**
**(License, Implied License, Exhaustion)**

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to HPE by any entity or entities having express or implied licenses or covenant not to sue or assert the Asserted Patents and/or (ii) under the doctrine of patent exhaustion. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to HPE. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part by direct or implied licenses and/or covenants not to sue that pertain to Plaintiff or prior assignees' affiliations with any defensive patent trust.

**TWELFTH DEFENSE**
**(Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, laches, equitable estoppel, acquiescence, and/or unclean hands.

**THIRTEENTH DEFENSE**
**(No Injunctive Relief)**

Plaintiff is not entitled to an injunction with respect to the Asserted Patents under any theory. Plaintiff has not and will not suffer irreparable harm, Plaintiff does not practice the patents,

Plaintiff is not without an adequate remedy at law, and/or public policy concerns weigh against any equitable relief.

**FOURTEENTH DEFENSE**
**(Res Judicata, Collateral Estoppel, and Preclusion under the Kessler Doctrine)**

To the extent there is an adjudication on the merits prior to trial with regard to any of the Asserted Patents, Plaintiff's claims are barred in whole or in part because they are precluded by res judicata, collateral estoppel, issue and claim preclusion, and the *Kessler* doctrine.

**FIFTEENTH DEFENSE**
**(Alleged Infringement Pre-Incorporation)**

HPE was formed on November 1, 2015. To the extent that Plaintiff's causes of action as described in the Amended Complaint extend before HPE's formation, HPE was not in existence to commit any acts of infringement in this District or elsewhere.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

HPE gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

**COUNTERCLAIMS**

Without waiver of any rights, including the right to seek dismissal and/or transfer of this action, HPE alleges the following counterclaims against QuanteFi Corp. in accordance with the Federal Rules of Civil Procedure. HPE incorporates the foregoing responses and defenses as if fully set forth in this pleading.

**THE PARTIES**

1. According to Plaintiff's own allegations, QuanteFi is a corporation organized under the laws of the State of Delaware, with its principal place of business at 603 East Milwaukee Street,

Suite 200 Detroit, MI 48202.

2. HPE is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389.

**JURISDICTION AND VENUE**

3. This is a civil action for a declaration of non-infringement and invalidity of the '883 Patent, the '360 Patent, the '500 Patent, and the '245 Patent. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. This Court has personal jurisdiction over HPE's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. An actual controversy exists under the Declaratory Judgment Act because QuanteFi alleges that HPE has infringed and is infringing the Asserted Patents, and HPE denies those allegations.

5. This Court has personal jurisdiction over QuanteFi at least by virtue of QuanteFi's consent to the personal jurisdiction of this Court by the filing of QuanteFi's Amended Complaint for Patent Infringement (Dkt. No. 18) against HPE in this Court.

6. For purposes of HPE's Counterclaims in this case, venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 28 U.S.C. § 1400(b) because: (1) QuanteFi filed the Amended Complaint in this district; and (2) the present Counterclaims are in response to the allegations raised in QuanteFi's Amended Complaint.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,331,883**

7. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 6 above.

8. QuanteFi alleges that HPE has infringed and continues to infringe at least claim 1

of the ’883 Patent.

9. HPE denies that it has infringed or is now infringing literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ’883 Patent.

10. HPE has not induced or contributed, and is not now inducing or contributing, to the infringement of any valid and enforceable claim of the ’883 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

11. HPE does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the ’883 Patent, including but not limited to Claims 1-4, 8-11, 15, 17, at least because HPE does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: 1[pre]: “a wireless access point (WAP) apparatus having a plurality of antennas and supporting multiple-input multiple-output (MIMO) wireless communications with associated station nodes on a selected one of a plurality of orthogonal frequency division multiplexed (OFDM) communication channels; and the WAP apparatus comprising:”; 1[a]: “a station grouping module configured to select a group of at least two of the associated station nodes for concurrent MIMO communication links with the WAP;”; 1[b] “a transmit selector configured to determine whether all station nodes in the group support a multi-user (MU) protocol;”; 1[c] “a spatial mapper including an input and an output, configured to precode concurrent transmissions of the selected group at the input using a precode matrix “Q” which spatially separates the concurrent MIMO transmissions to each station node in the group at the output;”; 1[d] “an output injector coupled to the spatial mapper and configured to inject preambles for synchronizing timing of the MIMO transmissions at the output of the spatial mapper, responsive to an affirmative determination by the transmit selector; and”; 1[e] “an input injector coupled to the input of the spatial mapper and configured to inject preambles before precoding in

the spatial mapper, responsive to a negative determination by the transmit selector, whereby transmission preambles are precoded when at least one station node in the group does not support the MU protocol."

12. For these, and other reasons to be established through discovery, HPE denies that it infringes any valid and enforceable claim of the '883 Patent.

13. HPE has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '883 Patent.

14. There is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning QuanteFi's allegations that HPE infringes the '883 Patent.

15. HPE is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '883 Patent.

16. Absent a declaration that HPE does not infringe the '883 Patent, QuanteFi will continue to wrongfully assert the '883 Patent against HPE and thereby cause HPE irreparable harm and injury.

17. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,368,360**

18. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 17 above.

19. QuanteFi alleges that HPE has infringed and continues to infringe at least claim 10 of the '360 Patent.

20. HPE denies that it has infringed or is now infringing literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ’360 Patent.

21. HPE has not induced or contributed, and is not now inducing or contributing, to the infringement of any valid and enforceable claim of the ’360 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

22. HPE does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the ’360 Patent, including but not limited to Claims 10, 13, 16-18, 20-22, at least because HPE does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: 10[pre]: “a method for operating a wireless access point (WAP) configured to support wireless communications with wireless stations on at least one selected wireless communication channel on a wireless local area network (WLAN), and the method comprising:”; 10[a] “monitoring data link layer activity for each wireless station at a location of the WAP to track wireless stations that transmit at the location of the WAP, wherein a table of tags is generated to track the wireless stations;”; 10[b] “detecting data link layer activity associated with at least one wireless station at the location of the WAP,” 10[c] “determine a network event that corresponds to the detected data link layer activity associated with the at least one wireless station at the location of the WAP, wherein one or more network event rules are based on at least a network event to initiate an action for targeted device;”; 10[d] “identifying the tag associated with each of the at least one wireless station of the detected data link layer activity indicating the network event;”; 10[e] “determining a network event rule that corresponds with the detected network event for the identified tag of the at least one wireless station; and”; 10[f] “initiating the action prescribed for the corresponding targeted device in response to satisfying the network event rule for the network event of the detected data link layer

activity."

23. For these, and other reasons to be established through discovery, HPE denies that it infringes any valid and enforceable claim of the '360 Patent.

24. HPE has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '360 Patent.

25. There is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. §§ 1, et seq. concerning QuanteFi's allegations that HPE infringes the '360 Patent.

26. HPE is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution or under the doctrine of equivalents, any valid, enforceable claim of the '360 Patent.

27. Absent a declaration that HPE does not infringe the '360 Patent, QuanteFi will continue to wrongfully assert the '360 Patent against HPE and thereby cause HPE irreparable harm and injury.

28. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**THIRD COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,258,500**

29. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 28 above.

30. QuanteFi alleges that HPE has infringed and continues to infringe at least claim 1 of the '500 Patent.

31. HPE denies that it has infringed or is now infringing literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '500 Patent.

32. HPE has not induced or contributed, and is not now inducing or contributing, to the infringement of any valid and enforceable claim of the ’500 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

33. HPE does not make, use, sell, or offer to sell any product, system, platform, or service that practices every element of any claim of the ’500 Patent, including but not limited to Claims 1, 3-5, 12-14, 16, 22, at least because HPE does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: 1[pre] “a method comprising:”; 1[a] “configuring a pattern of a sounding packet of a first wireless node in a resource space, comprising: assigning a first plurality of precoders to a first subset of the resource space for a first antenna sector of the first wireless node, the first wireless node having a plurality of antenna sectors that includes the first antenna sector and a second antenna sector; and assigning a second plurality of precoders to a second subset of the resource space for the second antenna sector of the first wireless node;”; 1[b] “wirelessly transmitting the sounding packet with the configured pattern to a second wireless node; and”; 1[c] “transmitting data packets from the first wireless node to the second wireless node according to one or more transmission parameters that are at least one of received from the second wireless node or determined based on channel state information (CSI) feedback received from the second wireless node, wherein the one or more transmission parameters include at least on of transmit antenna state and a beamforming matrix to send data packets from the first wireless node to the second wireless node.”

34. For these, and other reasons to be established through discovery, HPE denies that it infringes any valid and enforceable claim of the ’500 Patent.

35. HPE has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the ’500 Patent.

36. There is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. §§ 1, et seq. concerning QuanteFi's allegations that HPE infringes the '500 Patent.

37. HPE is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution or under the doctrine of equivalents, any valid, enforceable claim of the '500 Patent.

38. Absent a declaration that HPE does not infringe the '500 Patent, QuanteFi will continue to wrongfully assert the '500 Patent against HPE and thereby cause HPE irreparable harm and injury.

39. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FOURTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,811,245**

40. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 39 above.

41. QuanteFi alleges that HPE has infringed and continues to infringe at least claim 10 of the '245 Patent.

42. HPE denies that it has infringed or is now infringing literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '245 Patent.

43. HPE has not induced or contributed, and is not now inducing or contributing, to the infringement of any valid and enforceable claim of the '245 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

44. HPE does not make, use, sell, or offer to sell any product, system platform, or service that practices every element of any claim of the '245 Patent, including but not limited to

Claims 1-14, at least because HPE does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: 10[a] "a system comprising an access point;"; 10[b] "a first wireless basic service set providing data transfer and a second wireless basic service set providing data transfer, wherein the first and second wireless basic service sets are serviced by the access point concurrently and independent from the respective other wireless basic service set,"; 10[c] "wherein the access point comprises a first MAC entity to process first data and a second MAC entity to process second data"; 10[d] "and wherein the first basic service set is configured to support a mix of contemporary wireless standards and legacy wireless standards and the second basic service set is configured to support only contemporary wireless standards and to operate at a greater data throughput than the first basic service set."

45. For these, and other reasons to be established through discovery, HPE denies that it infringes any valid and enforceable claim of the '245 Patent.

46. HPE has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the '245 Patent.

47. There is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. §§ 1, et seq. concerning QuanteFi's allegations that HPE infringes the '245 Patent.

48. HPE is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution or under the doctrine of equivalents, any valid, enforceable claim of the '245 Patent.

49. Absent a declaration that HPE does not infringe the '245 Patent, QuanteFi will continue to wrongfully assert the '245 Patent against HPE and thereby cause HPE irreparable harm and injury.

50. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FIFTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 9,331,883**

51. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 50 above.

52. Each claim of the ’883 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

53. For example, one or more claims of the ’883 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 7,611,038, 8,340,601, 9,071,299; U.S. Patent Applications 2006/0264184, 2007/0099578, 2008/0056414, 2008/0095110, 2008/0108310, 2009/0238156, 2009/0249151, 2010/0142462, 2010/0142633, 2010/0166097, 2011/0075752, 2011/0142147; Sigurd Schelstraete; “An Introduction to 802.11ac” White Paper Quantenna Communications, Inc., Sep. 2011; D.Gesbert, M Kountouris, R.W.Heath, Jr., C.B.Chae, and T.Salzer, “From Single User to Multiuser Communications; Shifting the MIMO paradigm”, IEEE Signal Processing Magazine, vol. 24, No. 5, pp. 36-46, Oct. 2007; and/or 802.11 Working Group; “IEEE P802.11AC/D1.0 Draft Standard for Information Technology-Telecommunications and Information Exchange between Systems-Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) specifications” May 2011.

54. The ’883 Patent also fails to comply with 35 U.S.C. § 112. The ’883 Patent is therefore invalid because it recites claim terms, phrases, or limitations and that lack enablement or sufficient written description.

55. An actual controversy exists between HPE and QuanteFi based on QuanteFi having

filed the Complaint against HPE alleging infringement of the ’883 Patent. Further an actual case or controversy exists between HPE and QuanteFi as to whether the ’883 Patent is invalid.

56. HPE has been injured and damaged by QuanteFi’s lawsuit.

57. HPE therefore seeks a declaration that the claims of the ’883 Patent are invalid

58. Absent a declaration that the ’883 Patent is invalid, QuanteFi will continue to wrongfully assert the ’883 Patent against HPE and thereby cause HPE irreparable harm and injury.

59. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SIXTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 10,368,360**

60. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 59 above.

61. Each claim of the ’360 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

62. For example, one or more claims of the ’360 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 9,078,153, 9,107,090 and/or U.S. Patent Applications 2006/0109967, 2006/0239333, 2007/0073820, 2008/0125101, 2011/0169612, 2011/0246148, 2011/0314330, 2013/0281021, 2014/0176310.

63. The ’360 Patent also fails to comply with 35 U.S.C. § 112. The ’360 Patent is therefore invalid because it recites claim terms, phrases, or limitations and that lack enablement or sufficient written description.

64. An actual controversy exists between HPE and QuanteFi based on QuanteFi having filed the Complaint against HPE alleging infringement of the ’360 Patent. Further an actual case

or controversy exists between HPE and QuanteFi as to whether the ’360 Patent is invalid.

65. HPE has been injured and damaged by QuanteFi’s lawsuit.

66. HPE therefore seeks a declaration that the claims of the ’360 Patent are invalid

67. Absent a declaration that the ’360 Patent is invalid, QuanteFi will continue to wrongfully assert the ’360 Patent against HPE and thereby cause HPE irreparable harm and injury.

68. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SEVENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 11,258,500**

69. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 68 above.

70. Each claim of the ’500 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

71. For example, one or more claims of the ’500 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 8,867,502, 9,793,965,10,432,272; U.S. Patent Applications 2013/0242787, 2014/0177746, 2016/0142115, 2016/0329947, 2018/0337716, 2019/0090143; European Patent Application 19207160.3 Examination Report dated Dec. 2, 2020; and/or Song, et al., "A Scalable and Statistically Robust Beam Alignment Technique for mm-Wave Systems", in IEEE Transactions on Wireless Communications, vol. 17, No. 7, pp. 4792-4805, Jul. 2018.

72. The ’500 Patent also fails to comply with 35 U.S.C. § 112. The ’500 Patent is therefore invalid because it recites claim terms, phrases, or limitations and that lack enablement or sufficient written description.

73. An actual controversy exists between HPE and QuanteFi based on QuanteFi having

filed the Complaint against HPE alleging infringement of the ’500 Patent. Further an actual case or controversy exists between HPE and QuanteFi as to whether the ’500 Patent is invalid.

74. HPE has been injured and damaged by QuanteFi’s lawsuit.

75. HPE therefore seeks a declaration that the claims of the ’500 Patent are invalid

76. Absent a declaration that the ’500 Patent is invalid, QuanteFi will continue to wrongfully assert the ’500 Patent against HPE and thereby cause HPE irreparable harm and injury.

77. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

**EIGHTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 8,811,245**

78. HPE re-alleges and incorporates by reference, as if fully set forth, the allegations in Paragraphs 1 through 77 above.

79. Each claim of the ’245 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

80. For example, one or more claims of the ’245 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 6,873,611, 7,787,416, 8,345,584; U.S. Patent Applications 2004/0264394, 2005/0124294, 2007/0049339; Prepared by the 802.11 Working Group of the 802 Committee Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) specifications: Amendment 4: Enhancements for Higher Throughput IEEE P802.11n(TM)/D3.00, Sep. 2007, pp. 9-10, 119-120, 125-135, 143-147 and 226, IEEE Xplore; Sponsor LAN/MAN Standards Committee of the IEEE Computer Society Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) specifications: Amendment : Radio Resource Measurement IEEE P802.11k(TM)/D7.0, Jan. 2007, pp. 47-50, 59-60, 97-98, IEEE Xplore;

Sponsor LAN/MAN Committee of the IEEE Computer Society IEEE-SA Standards Board Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications IEEE Std 802.11(TM)-2007, Approved Mar. 8, 2007, pp. 11-12, IEEE Xplore.

81. The '245 Patent also fails to comply with 35 U.S.C. § 112. The '245 Patent is therefore invalid because it recites claim terms, phrases, or limitations and that lack enablement or sufficient written description.

82. An actual controversy exists between HPE and QuanteFi based on QuanteFi having filed the Complaint against HPE alleging infringement of the '245 Patent. Further an actual case or controversy exists between HPE and QuanteFi as to whether the '245 Patent is invalid.

83. HPE has been injured and damaged by QuanteFi's lawsuit.

84. HPE therefore seeks a declaration that the claims of the '245 Patent are invalid

85. Absent a declaration that the '245 Patent is invalid, QuanteFi will continue to wrongfully assert the '245 Patent against HPE and thereby cause HPE irreparable harm and injury.

86. This is an exceptional case under 35 U.S.C. § 285 because QuanteFi filed its Complaint with knowledge of the facts stated in this Counterclaim.

## RELIEF REQUESTED

HPE respectfully requests this Court to enter judgment in HPE's favor and against QuanteFi by granting the following relief:

A. A dismissal of all claims in QuanteFi's Amended Complaint against HPE with prejudice and a complete denial of QuanteFi's request for a judgment, injunctive relief, damages, royalty, interest, costs, and any other form of relief;

B. A declaration that HPE has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Asserted Patents;

C. A declaration that the claims of the Asserted Patents are invalid;

D. A finding that this action is exceptional under 35 U.S.C. § 285 and that HPE is entitled to recover its reasonable attorney's fees and expert witness' fees upon prevailing in this action;

E. An award of costs of court to HPE;

F. An award of pre- and post-judgment interest on any damages award to HPE; and

G. Any such other and further relief as the Court finds just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, HPE respectfully demands a trial by jury on all issues so triable in this action.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Jennifer H. Doan*

Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone: (903) 255-1000
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

John Haynes
David Frist
Steve McNiff
Sloane Kyrazis
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (704) 444-1001
john.haynes@alston.com
david.frist@alston.com
steve.mcniff@alston.com
sloane.kyrazis@alston.com

*Attorneys for Defendant*
*Hewlett Packard Enterprise Company.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on July 31, 2026.

*/s/ Jennifer H. Doan*
Jennifer H. Doan