**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **QUANTEFI CORP.,**<br><br>**Plaintiff,**<br><br>**HEWLETT PACKARD ENTERPRISE COMPANY,**<br><br>**Defendants.** | **Civil Action No. 2:26-cv-00377**<br><br>**(Lead Case)**<br><br>**JURY TRIAL** |
| **QUANTEFI CORP.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, COMCAST CORP., COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, AND COMCAST OF HOUSTON, LLC,**<br><br>**Defendants.** | **Civil Action No. 2:26-cv-00376**<br><br>**(Member Case)**<br><br>**JURY TRIAL** |

**DEFENDANT COMCAST'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Comcast Cable Communications, LLC, d/b/a Xfinity, Comcast Corp., Comcast Cable Communications Management, LLC, and Comcast of Houston, LLC (collectively, "Comcast" or "Defendants") file this Answer to Plaintiff's First Amended Complaint ("Complaint") filed by QuanteFi Corporation ("QuanteFi" or "Plaintiff") (Dkt. 14). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Comcast denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts. Comcast specifically

denies that QuanteFi is entitled to any relief whatsoever from Comcast. This Answer is filed without waiver of, and does not moot, Comcast's pending Motion to Dismiss or any ground, defense, or request for relief asserted therein.

## I. ANSWER TO FIRST AMENDED COMPLAINT

### BACKGROUND

1. Defendants deny infringement of any claim of U.S. Patent No. 7,656,900 ("'900 patent"), 9,331,883 ("'883 patent), 11,258,500 ("'500 patent"), and 11,102,176 (the "'176 patent") (collectively, the "Patents-in-Suit" or "Asserted Patents"). The remaining allegations of Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Comcast denies the allegations of Paragraph 1 of the Complaint.

2. Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 2 of the Complaint, and therefore denies these allegations.

### PLAINTIFF QUANTEFI AND THE PATENTS-IN-SUIT

3. Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 3 of the Complaint, and therefore denies these allegations.

4. Comcast admits that Exhibit 1 of the Complaint purports to be a copy of U.S. Patent No. 7,656,900, entitled "Methods and Systems for Adaptive Communication." Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 4 of the Complaint, and therefore denies these allegations.

5. Comcast denies the allegations of Paragraph 5 of the Complaint. The Complaint incorrectly identifies Exhibit 2 at ¶ 5. Comcast admits that Exhibit 3 of the Complaint purports to

be a copy of U.S. Patent No. 9,331,883, entitled "Wireless Home Network Supporting Concurrent Links to Legacy Devices." Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 5 of the Complaint, and therefore denies these allegations.

6. Comcast denies the allegations of Paragraph 6 of the Complaint. The Complaint incorrectly identifies Exhibit 3 at ¶ 6. Comcast admits that Exhibit 2 of the Complaint purports to be a copy of U.S. Patent No. 11,258,500, entitled "Hybrid Sector Selection and Beamforming." Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 6 of the Complaint, and therefore denies these allegations.

7. Comcast admits that Exhibit 4 of the Complaint purports to be a copy of U.S. Patent No. 11,102,176, titled "Community WiFi Access Point (AP) Virtual Network Function (VNF) with WiFi Protected Access 2 (WPA2) Pass-Through." Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 7 of the Complaint, and therefore denies these allegations.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

8. Comcast admits that Comcast Cable Communications, LLC is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 8 of the Complaint.

9. Comcast admits that Comcast Corporation is a Pennsylvania corporation with a principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast also admits that Comcast Corp. may be served through

its registered agent Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 9 of the Complaint.

10. Comcast admits that Comcast Cable Communications Management, LLC is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast also admits that Comcast Cable Communications Management, LLC may be served through its registered agent Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 10 of the Complaint.

11. Comcast admits that Comcast of Houston, LLC is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast also admits that Comcast of Houston, LLC may be served through its registered agent Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 11 of the Complaint.

12. Comcast denies the allegations of Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Comcast admits that the Complaint purports to allege patent infringement under Title 35 of the United States Code. Comcast denies that it infringes any asserted patent.

14. The allegations of Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Comcast specifically denies the legal sufficiency of the claims and allegations asserted in the Complaint, and further denies that the Plaintiff has any viable claim thereunder. To the extent that Plaintiff does not have substantially all rights in the Asserted Patents, Comcast specifically denies that Plaintiff has standing to bring this lawsuit, and thus denies that this Court has subject matter jurisdiction over the dispute.

15. Comcast denies the allegations of Paragraph 15 of the Complaint.

16. The allegations of Paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations of Paragraph 16 of the Complaint.

17. The allegations of Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations of Paragraph 17 of the Complaint.

18. The allegations of Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations of Paragraph 18 of the Complaint.

19. Comcast denies the allegations of Paragraph 19 of the Complaint.

20. Comcast admits that the Complaint purports to reference the webpage https://www.houstonpublicmedia.org/articles/news/business/2024/03/25/481597/comcast-expanding-fiber-optic-infrastructure-internet-service-in-northern-outskirts-of-houston-area/. To the extent the allegations of Paragraph 20 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 20 of the Complaint.

21. Comcast admits that the Complaint purports to reference the webpage https://texas.comcast.com/2025/07/01/xfinity-launches-simple-all-inclusive-internet-plans/. To the extent the allegations of Paragraph 21 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 21 of the Complaint.

**COUNT 1 – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE ’900 PATENT**

22. Comcast incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

23. Comcast admits that Exhibit 1 of the Complaint purports to be a copy of U.S. Patent No. 7,656,900, which is titled “Methods and Systems for Adaptive Communication.” Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 23 of the Complaint, and therefore denies these allegations.

24. Comcast denies the allegations in Paragraph 24 of the Complaint.

25. The allegations of Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 25 of the Complaint.

26. The allegations of paragraph 26 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 26 of the Complaint.

27. Comcast denies the allegations of Paragraph 27 of the Complaint.

28. Comcast denies the allegations of Paragraph 28 of the Complaint.

29. Comcast admits that the Complaint purports to reference contents of the webpage https://www.ericsson.com/en/about-us/sustainability-and-corporate-responsibility/responsible-business/radio-waves-and-health/5g#:~:text=Radio%20waves%20are%20used%20for. To the extent the allegations of Paragraph 29 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 29 of the Complaint.

30. Comcast admits that the Complaint purports to reference contents of the 3GPP Technical Specification 38.211, Version 15.40 ("TS 38.211") and the webpage https://newsletter.mediatek.com/hubfs/mwc/download/bandwidth-part-adaptation.pdf. To the extent the allegations of Paragraph 30 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 30 of the Complaint.

31. Comcast admits that the Complaint purports to reference contents of the webpage https://newsletter.mediatek.com/hubfs/mwc/download/bandwidth-part-adaptation.pdf. To the extent the allegations of Paragraph 31 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 31 of the Complaint.

32. Comcast denies the allegations of Paragraph 32 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

33. Comcast denies the allegations of Paragraph 33 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

34. Comcast denies the allegations of Paragraph 34 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement.

35. Comcast denies the allegations of Paragraph 35 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

36. Comcast denies the allegations of Paragraph 36 of the Complaint.

**COUNT 2 – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE ’500 PATENT**

37. Comcast incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

38. Comcast admits that Exhibit 2 of the Complaint purports to be a copy of U.S. Patent No. 11,258,500, which is titled “Hybrid Sector Selection and Beamforming.” Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 38 of the Complaint, and therefore denies these allegations.

39. Comcast denies the allegations in Paragraph 39 of the Complaint.

40. The allegations of Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 40 of the Complaint.

41. The allegations of Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 41 of the Complaint.

42. Comcast denies the allegations of Paragraph 42 of the Complaint.

43. Comcast denies the allegations of Paragraph 43 of the Complaint.

44. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 44 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 44 of the Complaint.

45. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 45 purport to characterize the contents of

a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 45 of the Complaint.

46. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 46 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 46 of the Complaint.

47. Comcast denies the allegations of Paragraph 47 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

48. Comcast denies the allegations of Paragraph 48 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

49. Comcast denies the allegations of Paragraph 49 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement.

50. Comcast denies the allegations of Paragraph 50 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

51. Comcast denies the allegations of Paragraph 51 of the Complaint.

**COUNT 3 – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE '883 PATENT**

52. Comcast incorporates by reference its response to each of the preceding Paragraphs of the Complaint.

53. Comcast admits that Exhibit 3 of the Complaint purports to be a copy of U.S. Patent No. 9,331,883, titled "Wireless Home Network Supporting Concurrent Links to Legacy Devices."

Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 53 of the Complaint, and therefore denies these allegations.

54. Comcast denies the allegations of Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 55 of the Complaint.

56. The allegations of Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 56 of the Complaint.

57. Comcast denies the allegations of Paragraph 57 of the Complaint.

58. Comcast denies the allegations of Paragraph 58 of the Complaint.

59. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 59 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 59 of the Complaint.

60. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 60 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 60 of the Complaint.

61. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 61 purport to characterize the contents of

a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 61 of the Complaint.

62. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 62 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 62 of the Complaint.

63. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 63 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 63 of the Complaint.

64. Comcast admits that the Complaint purports to reference contents of the IEEE 802.11-2024. To the extent the allegations of Paragraph 64 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 64 of the Complaint.

65. Comcast denies the allegations of Paragraph 65 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

66. Comcast denies the allegations of Paragraph 66 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

67. Comcast denies the allegations of Paragraph 67 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement.

68. Comcast denies the allegations of Paragraph 68 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

69. Comcast denies the allegations of Paragraph 69 of the Complaint.

**COUNT 4 – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE '176 PATENT**

70. Comcast incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

71. Comcast admits that Exhibit 4 of the Complaint purports to be a copy of U.S. Patent No. 11,102,176, which is titled "Community WiFi Access Point (AP) Virtual Network Function (VNF) with WiFi Protected Access 2 (WPA2) Pass-Through." Except as expressly admitted, Comcast does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 71 of the Complaint, and therefore denies these allegations.

72. Comcast denies the allegations in Paragraph 72 of the Complaint.

73. The allegations of Paragraph 73 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 73 of the Complaint.

74. The allegations of Paragraph 74 contain legal conclusions to which no response is required. To the extent a response is deemed required, Comcast denies the allegations in Paragraph 74 of the Complaint.

75. Comcast denies the allegations of Paragraph 75 of the Complaint.

76. Comcast denies the allegations of Paragraph 76 of the Complaint.

77. Comcast admits that the Complaint purports to reference contents of the webpage https://www.xfinity.com/support/articles/broadband-gateways-userguides?. To the extent the allegations of Paragraph 77 purport to characterize the contents of a document, the document

speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 77 of the Complaint.

78. Comcast admits that the Complaint purports to reference contents of the webpages https://www.xfinity.com/support/articles/change-wifi-security-mode, https://www.xfinity.com/support/articles/xfi-advanced-settings, https://www.xfinity.com/support/articles/wifi-protected-access, https://www.xfinity.com/support/articles/xfinity-mobile-wifi-hotspots, https://www.xfinity.com/support/articles/about-xfinity-wifi-internet, https://corporate.comcast.com/stories/making-xfi-a-revolutionary-leap-for-wi-fi, https://developer.rdkcentral.com/documentation/documentation/rdk_broadband_documentation/features/, and https://docs.cloud.ruckuswireless.com/ruckusone/userguide/GUID-916F93BF-6E07-427F-88D2-BF579F597D98.html, https://developer.rdkcentral.com/documentation/documentation/rdk_broadband_documentation/components/hotspot/. To the extent the allegations of Paragraph 78 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 78 of the Complaint.

79. Comcast admits that the Complaint purports to reference contents of the webpage https://www.xfinity.com/support/articles/change-wifi-security-mode, https://www.xfinity.com/support/articles/xfi-advanced-settings, https://www.xfinity.com/support/articles/wifi-protected-access, https://www.xfinity.com/support/articles/xfinity-mobile-wifi-hotspots, https://www.xfinity.com/support/articles/about-xfinity-wifi-internet,

https://corporate.comcast.com/stories/making-xfi-a-revolutionary-leap-for-wi-fi, https://developer.rdkcentral.com/documentation/documentation/rdk_broadband_documentation/features/, https://docs.cloud.ruckuswireless.com/ruckusone/userguide/GUID-916F93BF-6E07-427F-88D2-BF579F597D98.html, and https://developer.rdkcentral.com/documentation/documentation/rdk_broadband_documentation/components/hotspot/. To the extent the allegations of Paragraph 79 purport to characterize the contents of a document, the document speaks for itself, and Comcast denies those characterizations. Except as expressly admitted, Comcast denies the remaining allegations of Paragraph 79 of the Complaint.

80. Comcast denies the allegations of Paragraph 80 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

81. Comcast denies the allegations of Paragraph 81 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

82. Comcast denies the allegations of Paragraph 82 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement.

83. Comcast denies the allegations of Paragraph 83 of the Complaint. This Answer is filed without waiver of, and does not moot, Comcast's pending motion to dismiss QuanteFi's claims for willful and indirect infringement

84. Comcast denies the allegations of Paragraph 84 of the Complaint.

**RESPONSE TO PLAINTIFF'S JURY DEMAND**

85. To the extent that a response is deemed required, Comcast demands a jury trial pursuant to Fed. R. Civ. P. 38.

**COMCAST DENIES QUANTEFI IS ENTITLED TO ITS PRAYER FOR RELIEF**

86. To the extent any response is required to any paragraph in QuanteFi's Prayer for Relief, Comcast denies all the allegations contained in QuanteFi's Prayer for Relief and Comcast further denies that QuanteFi is entitled to any relief whatsoever, including any relief sought in paragraphs (a) through (g) of its Prayer for Relief. QuanteFi's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and QuanteFi should take nothing.

## II. AFFIRMATIVE DEFENSES

Comcast asserts the following additional defenses to the allegations in the First Amended Complaint.

**FIRST DEFENSE**
**(Failure to State a Claim)**

87. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Non-Infringement)**

88. Comcast has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly, indirectly, contributorily, or by inducement.

**THIRD DEFENSE**
**(No Willful Infringement)**

89. Comcast has not willfully infringed any Asserted Patent, and QuanteFi is not entitled to enhanced damages under 35 U.S.C. § 284.

**FOURTH DEFENSE**
**(Invalidity / Ineligibility)**

90. Each claim of the Asserted Patents is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the application that issued as the Asserted Patents.

**FIFTH DEFENSE**
**(Patent Exhaustion, Failure to Mark, and Single Recovery)**

91. QuanteFi's claims are barred, or its recovery is limited, in whole or in part, by the doctrine of patent exhaustion, including to the extent the accused products incorporate components sold or supplied with authorization from QuanteFi or its predecessors-in-interest, including under one or more license agreements, covenants not to sue, releases, or other authorizations.

92. QuanteFi's recovery of pre-suit damages is barred or limited by its failure, and the failure of its licensees and other persons making or selling patented articles for or under it, to comply with the marking and notice requirements of 35 U.S.C. § 287(a).

93. QuanteFi's requested recovery is further barred or limited by the single-recovery rule, including to the extent QuanteFi or its predecessors-in-interest have received or seek compensation for the same alleged use of the patented technology from Comcast's suppliers, vendors, customers, or other persons.

**SIXTH DEFENSE**
**(Equitable Bars)**

94. QuanteFi's claims are barred in whole or in part by the doctrine of waiver, estoppel, prosecution laches, and/or other equitable doctrines, including inequitable conduct during prosecution of the Asserted Patents before the U.S. Patent and Trademark Office.

**SEVENTH DEFENSE**
**(Statutory Bars and Limitations)**

95. Any claim by QuanteFi for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307. QuanteFi is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**EIGHTH DEFENSE**
**(Government-Use Statutory Limitation)**

96. To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, QuanteFi's claims involving Comcast with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**NINTH DEFENSE**
**(No Injunctive Relief)**

97. QuanteFi's claims are barred in whole or in part because QuanteFi is not entitled to injunctive relief. Any alleged injury to QuanteFi is not immediate or irreparable and QuanteFi has an adequate remedy at law.

**TENTH DEFENSE**
**(Patent Ownership)**

98. QuanteFi has failed to adequately plead or establish that it owns all substantial rights in each patent asserted in the Complaint and therefore is not entitled to relief under 35 U.S.C §§ 100(d) and 281.

**ELEVENTH DEFENSE**
**(No Exceptional Case)**

99. QuanteFi cannot prove that this is an exceptional case justifying award of attorney fees against Comcast pursuant to 35 U.S.C. § 285.

**TWELFTH DEFENSE**
**(Ensnarement)**

100. QuanteFi cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

**THIRTEENTH DEFENSE**
**(Claim Preclusion / Issue Preclusion / *Kessler* Doctrine)**

101. QuanteFi's claims are barred in whole or in part by the doctrines of claim preclusion, issue preclusion, and/or the *Kessler* Doctrine. For example, certain issues of fact or law raised in this Complaint have already been decided in a prior lawsuit.

102. Additionally, Plaintiff's claims may be barred in whole or part, in view of final judgments or resolutions in any of QuanteFi's prior filed and/or co-pending litigations.

**FOURTEENTH DEFENSE**
**(Lack of Standing)**

103. To the extent that QuanteFi does not hold or has not held exclusionary rights in one or more of the Asserted Patents, QuanteFi suffered no injury in fact and lacks standing to assert those patents.

**FIFTEENTH DEFENSE**
**(Failure to Join a Required Party)**

104. QuanteFi's claims are barred in whole or in part, and/or cannot proceed, because QuanteFi has failed to join one or more co-owners or other required parties under Fed. R. Civ. P. 19, including any affiliate or predecessor-in-interest holding rights in the Asserted Patents.

**SIXTEENTH DEFENSE**
**(Unenforceability – Implied Waiver)**

105. The Asserted Patents are unenforceable, in whole or in part, under the doctrine of implied waiver, to the extent QuanteFi or its predecessors-in-interest failed to timely disclose the Asserted Patents or related applications to a standards-setting-organization, including 3GPP and/or

IEEE, to which they owed a duty of disclosure, and thereby relinquished the right to enforce the Asserted Patents against implementations of the relevant standards.

106. The Asserted Patents are further unenforceable, in whole or in part, under the doctrine of implied waiver, to the extent QuanteFi or its predecessors-in-interest, with full knowledge of material facts, either intentionally relinquished its rights to enforce the patents, or engaged in conduct so inconsistent with an intent to enforce its rights as to induce a reasonable belief, by Comcast, that such right has been relinquished.

**SEVENTEENTH DEFENSE**
**(Covenant Not to Sue, License, and Authorization)**

107. QuanteFi's claims are barred, in whole or in part, by one or more covenants not to sue, licenses, releases, authorizations, and other protections granted to Comcast and its Affiliates under one or more agreements entered into by QuanteFi or its predecessors-in-interest, or by their affiliates (each, a "License Agreement").

108. By way of non-limiting example, one such License Agreement is the Vendor Support Agreement effective August 1, 2020 between Comcast Cable Communications Management, LLC and MaxLinear, Inc. (the "VSA"). Under Section 7.3 of the VSA, MaxLinear, on behalf of itself and its Affiliates, covenanted not to sue Comcast Cable Communications Management, LLC and its Affiliates for patent infringement with respect to their purchase, use, or deployment of any product or service, except to the extent Comcast willfully infringed the particular patent asserted.

109. On information and belief, as of the VSA's effective date, MaxLinear owned the '900 patent and the application that issued as the '176 patent; and MaxLinear acquired the '883 and '500 patents on May 2, 2023. QuanteFi acquired each Patent-in-Suit subject to Comcast's

preexisting rights under the applicable License Agreements, including Section 7.3 of the VSA, and could receive no greater right to assert that patent against Comcast than its predecessors possessed.

110. Provisions such as Section 7.3 of the VSA constitute an encumbrance authorizing Comcast to avoid liability for practicing covered patents. That encumbrance runs with the covered patents and binds subsequent assignees. *See Entropic Communications, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 962–63 (C.D. Cal. 2023).

111. Comcast's identification of the VSA is illustrative and not limiting. Comcast reserves the right to rely on any additional License Agreement, covenant not to sue, release, or authorization applicable to any Asserted Patent that is identified through discovery or otherwise in this action.

**JURY DEMAND**

112. Comcast demands a trial by jury on all issues so triable.

**COMCAST'S PRAYER FOR RELIEF**

WHEREFORE, Comcast asks this Court to enter judgment in favor of Comcast and against Plaintiff by granting the following relief:

A. A judgment that QuanteFi take nothing, a dismissal of all claims in Plaintiff's First Amended Complaint with prejudice, and a complete denial of Plaintiff's requests for damages, injunctive relief, interests, costs, expenses, accounting, attorneys' fees, and any other form of relief;

B. A judgment that Comcast has not willfully infringed any Asserted Patent and that QuanteFi is not entitled to enhanced damages under 35 U.S.C. § 284;

C. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Comcast of its reasonable attorneys' fees;

D. An award to Comcast of its taxable costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1);

E. Any such other and further relief as the Court finds just and proper.

Dated: August 3, 2026.

**McKool Smith, P.C.**

/s/ *Nicholas Mathews*

Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Arden Seavers
Texas State Bar No. 24137186
aseavers@McKoolSmith.com
Warren Lipschitz
Texas State Bar No. 24078867
wlipschitz@mckoolsmith.com
Erik Fountain
Texas State Bar No. 24097701
efountain@McKoolSmith.com
Gabriel DeJong
Texas State Bar No. 24149182
gdejong@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin P. Hess
Texas State Bar No. 24087717
khess@McKoolSmith.com
**McKool Smith, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Christopher Leone
Texas State Bar No. 6008213
cleone@McKoolSmith.com
**McKool Smith, P.C.**
1717 K Street, NW Suite 1000
Washington, D.C. 20006
Telephone: (202) 370-8300
Telecopier: (202) 370-8344

**ATTORNEYS FOR COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, COMCAST CORP., COMCAST CABLE COMMUNICATIONS MANAGEMENT,**

**LLC, AND COMCAST OF HOUSTON, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 3, 2026.

/s/ *Nicholas Mathews*
Nicholas Mathews