**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QUANTEFI CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>*Defendant*. | Case No. 2:26-cv-00377-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| QUANTEFI CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, D/B/A XFINITY, COMCAST CORP., COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, AND COMCAST OF HOUSTON, LLC,<br><br>*Defendants*. | Case No. 2:26-cv-00376-JRG-RSP<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF QUANTEFI CORPORATION'S ANSWER TO DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S COUNTERCLAIMS**

Plaintiff QuanteFi Corporation ("QuanteFi") hereby submits its Answer to Defendant Hewlett Packard Enterprise Company's ("HPE") Counterclaims ("Counterclaims") (Dkt. No. 33). QuanteFi denies each and every allegation of the Counterclaims not expressly admitted herein.

## **ANSWER**

1. QuanteFi admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 603 East Milwaukee Street, Suite 200, Detroit, Michigan 48202.

2. QuanteFi admits that HPE is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1701 E Mossy Oaks Road, Spring, Texas 77389.

## JURISDICTION AND VENUE

3. With respect to Paragraph 3 of the Counterclaims, QuanteFi acknowledges that the Counterclaims purport to set forth an action for declaratory judgment of non-infringement and invalidity of the '883, '360, '500, and '245 Patents (collectively, the "Asserted Patents") arising under the United States Patent Laws, 35 U.S.C. § 1 *et seq.* QuanteFi denies that there are any factual or legal bases for HPE's claims.

4. QuanteFi admits that this Court has subject matter jurisdiction over HPE's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and that an actual controversy exists under the Declaratory Judgment Act with respect to the claims that QuanteFi asserts because QuanteFi alleges that HPE has infringed and continues to infringe the Asserted Patents.

5. QuanteFi admits the allegations in Paragraph 5 of the Counterclaims.

6. QuanteFi admits the allegations in Paragraph 6 of the Counterclaims.

## FIRST COUNTERCLAIM

7. QuanteFi admits the allegations in Paragraph 7 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–6 and denies the remaining allegations.

8. QuanteFi admits that it alleges that HPE has infringed and continues to infringe at least claim 1 of the ’883 Patent.

9. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 9 of the Counterclaims.

10. QuanteFi denies the allegations in Paragraph 10 of the Counterclaims.

11. QuanteFi denies the allegations in Paragraph 11 of the Counterclaims.

12. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 12 of the Counterclaims.

13. QuanteFi denies the allegations in Paragraph 13 of the Counterclaims.

14. QuanteFi admits that there is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning QuanteFi’s allegations that HPE infringes the ’883 Patent.

15. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a judicial declaration that it has not infringed and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’883 Patent.

16. QuanteFi denies the allegations in Paragraph 16 of the Counterclaims.

17. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 17 of the Counterclaims. This is an exceptional case for the reasons alleged in QuanteFi’s First Amended Complaint.

## SECOND COUNTERCLAIM

18. QuanteFi admits the allegations in Paragraph 18 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–17 and denies the remaining allegations.

19. QuanteFi admits that it alleges that HPE has infringed and continues to infringe at least claim 10 of the ’360 Patent.

20. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 20 of the Counterclaims.

21. QuanteFi denies the allegations in Paragraph 21 of the Counterclaims.

22. QuanteFi denies the allegations in Paragraph 22 of the Counterclaims.

23. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 23 of the Counterclaims.

24. QuanteFi denies the allegations in Paragraph 24 of the Counterclaims.

25. QuanteFi admits that there is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning QuanteFi’s allegations that HPE infringes the ’360 Patent.

26. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a judicial declaration that it has not infringed and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’360 Patent.

27. QuanteFi denies the allegations in Paragraph 27 of the Counterclaims.

28. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 28 of the Counterclaims. This is an exceptional case for the reasons alleged in QuanteFi’s First Amended Complaint.

**THIRD COUNTERCLAIM**

29. QuanteFi admits the allegations in Paragraph 29 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–28 and denies the remaining allegations.

30. QuanteFi admits that it alleges that HPE has infringed and continues to infringe at least claim 1 of the ’500 Patent.

31. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 31 of the Counterclaims.

32. QuanteFi denies the allegations in Paragraph 32 of the Counterclaims.

33. QuanteFi denies the allegations in Paragraph 33 of the Counterclaims.

34. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 34 of the Counterclaims.

35. QuanteFi denies the allegations in Paragraph 35 of the Counterclaims.

36. QuanteFi admits that there is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning QuanteFi’s allegations that HPE infringes the ’500 Patent.

37. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a judicial declaration that it has not infringed and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’500 Patent.

38. QuanteFi denies the allegations in Paragraph 38 of the Counterclaims.

39. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 39 of the Counterclaims. This is an exceptional case for the reasons alleged in QuanteFi’s First Amended Complaint.

## FOURTH COUNTERCLAIM

40. QuanteFi admits the allegations in Paragraph 40 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–39 and denies the remaining allegations.

41. QuanteFi admits that it alleges that HPE has infringed and continues to infringe at least claim 10 of the ’245 Patent.

42. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 42 of the Counterclaims.

43. QuanteFi denies the allegations in Paragraph 43 of the Counterclaims.

44. QuanteFi denies the allegations in Paragraph 44 of the Counterclaims.

45. To the extent any admission or denial is required, QuanteFi denies the allegations in Paragraph 45 of the Counterclaims.

46. QuanteFi denies the allegations in Paragraph 46 of the Counterclaims.

47. QuanteFi admits that there is an actual and justiciable controversy between QuanteFi and HPE arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning QuanteFi’s allegations that HPE infringes the ’245 Patent.

48. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a judicial declaration that it has not infringed and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’245 Patent.

49. QuanteFi denies the allegations in Paragraph 49 of the Counterclaims.

50. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 50 of the Counterclaims. This is an exceptional case for the reasons alleged in QuanteFi’s First Amended Complaint.

**FIFTH COUNTERCLAIM**

51. QuanteFi admits the allegations in Paragraph 51 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–50 and denies the remaining allegations.

52. QuanteFi denies the allegations in Paragraph 52 of the Counterclaims.

53. QuanteFi denies the allegations in Paragraph 53 of the Counterclaims.

54. QuanteFi denies the allegations in Paragraph 54 of the Counterclaims.

55. QuanteFi admits that an actual controversy exists between HPE and QuanteFi based on QuanteFi's having filed the Complaint and First Amended Complaint against HPE alleging infringement of the '883 Patent. QuanteFi also admits that an actual case or controversy exists between HPE and QuanteFi as to whether the '883 Patent is invalid. However, to the extent that QuanteFi does not allege HPE infringes any particular claim of the '883 Patent, there is no case or controversy between HPE and QuanteFi as to the validity of that claim.

56. QuanteFi denies the allegations in Paragraph 56 of the Counterclaims.

57. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a declaration that the claims of the '883 Patent are invalid.

58. QuanteFi denies the allegations in Paragraph 58 of the Counterclaims.

59. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 59 of the Counterclaims.

**SIXTH COUNTERCLAIM**

60. QuanteFi admits the allegations in Paragraph 60 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–59 and denies the remaining allegations.

61. QuanteFi denies the allegations in Paragraph 61 of the Counterclaims.

62. QuanteFi denies the allegations in Paragraph 62 of the Counterclaims.

63. QuanteFi denies the allegations in Paragraph 63 of the Counterclaims.

64. QuanteFi admits that an actual controversy exists between HPE and QuanteFi based on QuanteFi's having filed the Complaint and First Amended Complaint against HPE alleging infringement of the '360 Patent. QuanteFi also admits that an actual case or controversy exists between HPE and QuanteFi as to whether the '360 Patent is invalid. However, to the extent that QuanteFi does not allege HPE infringes any particular claim of the '360 Patent, there is no case or controversy between HPE and QuanteFi as to the validity of that claim.

65. QuanteFi denies the allegations in Paragraph 65 of the Counterclaims.

66. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a declaration that the claims of the '360 Patent are invalid.

67. QuanteFi denies the allegations in Paragraph 67 of the Counterclaims.

68. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 68 of the Counterclaims.

**SEVENTH COUNTERCLAIM**

69. QuanteFi admits the allegations in Paragraph 69 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–68 and denies the remaining allegations.

70. QuanteFi denies the allegations in Paragraph 70 of the Counterclaims.

71. QuanteFi denies the allegations in Paragraph 71 of the Counterclaims.

72. QuanteFi denies the allegations in Paragraph 72 of the Counterclaims.

73. QuanteFi admits that an actual controversy exists between HPE and QuanteFi based on QuanteFi's having filed the Complaint and First Amended Complaint against HPE alleging infringement of the '500 Patent. QuanteFi also admits that an actual case or controversy exists between HPE and QuanteFi as to whether the '500 Patent is invalid. However, to the extent that

QuanteFi does not allege HPE infringes any particular claim of the ’500 Patent, there is no case or controversy between HPE and QuanteFi as to the validity of that claim.

74. QuanteFi denies the allegations in Paragraph 74 of the Counterclaims.

75. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a declaration that the claims of the ’500 Patent are invalid.

76. QuanteFi denies the allegations in Paragraph 76 of the Counterclaims.

77. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 77 of the Counterclaims.

**EIGHTH COUNTERCLAIM**

78. QuanteFi admits the allegations in Paragraph 78 of the Counterclaims only insofar as it has admitted any of the allegations in Paragraphs 1–77 and denies the remaining allegations.

79. QuanteFi denies the allegations in Paragraph 79 of the Counterclaims.

80. QuanteFi denies the allegations in Paragraph 80 of the Counterclaims.

81. QuanteFi denies the allegations in Paragraph 81 of the Counterclaims.

82. QuanteFi admits that an actual controversy exists between HPE and QuanteFi based on QuanteFi’s having filed the Complaint and First Amended Complaint against HPE alleging infringement of the ’245 Patent. QuanteFi also admits that an actual case or controversy exists between HPE and QuanteFi as to whether the ’245 Patent is invalid. However, to the extent that QuanteFi does not allege HPE infringes any particular claim of the ’245 Patent, there is no case or controversy between HPE and QuanteFi as to the validity of that claim.

83. QuanteFi denies the allegations in Paragraph 83 of the Counterclaims.

84. To the extent any admission or denial is required, QuanteFi denies that HPE is entitled to a declaration that the claims of the ’245 Patent are invalid.

85. QuanteFi denies the allegations in Paragraph 85 of the Counterclaims.

86. QuanteFi denies that this is an exceptional case for the reason alleged in Paragraph 86 of the Counterclaims.

## RELIEF REQUESTED

87. QuanteFi denies that HPE is entitled to any of the relief that HPE requests at pages 25–26 of the Counterclaims.

88. QuanteFi prays for the following relief with respect to the Counterclaims:

A. A judgment in favor of QuanteFi that no claim of any of the Asserted Patents is invalid.

B. A judgment in favor of QuanteFi that HPE has infringed and continues to infringe at least one claim of each of the Asserted Patents.

C. Any and all other relief to which QuanteFi may be entitled.

## DEMAND FOR JURY TRIAL

89. No response is required to HPE's demand for a trial by jury on its Counterclaims. QuanteFi also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 21, 2026

Respectfully submitted,


*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Andrew Weiss
CA State Bar No. 232974
Email: aweiss@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Christian W. Conkle
CA State Bar No. 306374
Email: cconkle@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Alexandra Easly
TX SBN 24099022
Email: aeasely@raklaw.com
Linjun Xu
CA State Bar No. 307667
Email: lxu@raklaw.com
Ali-Reza Boloori (admitted *Pro Hac Vice*)
CA State Bar No. 271489
Email: aboloori@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff,*
*QuanteFi Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on August 21, 2026.

*/s/ Reza Mirzaie*
Reza Mirzaie